IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON CLARK, # K-03716 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-963-SMY |
| | ) |
| OFFICER BART LIND, | ) |
| LIEUTENANT FURLOW, | ) |
| WARDEN J. LASHBROOKE, | ) |
| and JOHN/JANE DOE (Mail Room), | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). On August 28, 2015, he filed a proposed "Order to Show Cause for Preliminary Injunction & a Temporary Restraining Order" (Doc. 1, pp. 6-8). It was accompanied by his "Memorandum of Law in Support of Plaintiff's Order to Show Cause for a Preliminary Injunction & a Temporary Restraining Order" (Doc. 1, pp. 1-5), as well as a Declaration in Support of the proposed order (Doc. 1, pp. 9-10). Plaintiff states that he is litigating a case in the Central District of Illinois (*Clark v. Tact Team, et al.*, No. 15-cv-1116), and claims that Pinckneyville officials have failed to deliver his mail to an internet mail service provider which he wanted to use to solicit legal representation and obtain legal research for the pending Central District case.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A – which poses a problem, because no complaint was ever filed. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with

the court." FED. R. CIV. P. 3. In other words, "the first step in the action is the filing of the complaint." *Id.*, Advisory Committee Notes, 1937 Adoption. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

The documents submitted by Plaintiff suggest that he may have a cognizable civil rights claim. He argues that his First Amendment free speech rights have been infringed because "Defendants" (he refers to them collectively) have intercepted his correspondence and interfered with his ability to communicate in writing with Extended Hands Gift Shop, Inc. He also claims that the Defendants' conduct has denied him access to the courts. According to Plaintiff's "Declaration in Support," he had been allowed to correspond with Extended Hands for years. However, in July 2015, he was notified by Internal Affairs that further correspondence with that entity had been disapproved (Doc. 1, p. 9). His grievance over the matter was denied on the basis that Internal Affairs had reviewed and banned items from Extended Hands, and inmates could no longer receive items from that vendor due to security reasons (Doc. 1, pp. 13-14).

The only relief Plaintiff seeks is the issuance of a temporary restraining order ("TRO") and a preliminary injunction, to require the Defendants to remove their ban on his correspondence with Extended Hands (Doc. 1, p. 5).

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice *only* if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant=s attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Page **2** of **7**

FED. R. CIV. P. 65(b)(1).

Plaintiff also seeks a preliminary injunction. The United States Supreme Court has emphasized that a Apreliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.@ *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)).

In considering whether to grant injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff=s claims in light of a five-part test that has long been part of the Seventh Circuit=s jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999). *Accord Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro=s Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

Without expressing any opinion on the ultimate merits of Plaintiff=s claims for relief, the Court is of the opinion that neither a TRO nor a preliminary injunction should be issued in this matter at this time. As for the TRO request, Plaintiff=s allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.

Plaintiff also falls short of demonstrating that a preliminary injunction is warranted.

If Plaintiff were to prevail on his First Amendment claim to engage in unfettered correspondence, compensatory damages would be available, thus any injury is not "irreparable," and damages would provide an adequate remedy at law. At this early stage, it cannot be said that Plaintiff is likely to succeed on the merits of this claim. In *Turner v. Safley*, 482 U.S. 78 (1987), the Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* at 89. According to Plaintiff's exhibits, Internal Affairs officials determined that allowing inmates to receive material from Extended Hands posed a security risk. Institutional security is a legitimate penological interest. Further factual development may show that the restriction was reasonable, or on the other hand, that it was not justified. Based on the current record, injunctive relief is not warranted. More to the point, the Court cannot consider granting injunctive or any other relief in the absence of a proper complaint.

Plaintiff's claim that the inability to use Extended Hands to solicit attorney representation and/or conduct legal research has denied him access to the courts likewise does not support the issuance of a TRO or preliminary injunction. The essence of an access-to-courts claim is whether the prisoner has lost the opportunity to pursue a legitimate challenge to a conviction, sentence, or prison conditions, *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006), or suffered actual substantial prejudice to specific litigation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Plaintiff does not describe any such detriment to his pending Central District case. A hindrance in Plaintiff's ability to use a particular company's services to seek attorney representation or to conduct research, when other avenues are available, does not meet the criteria for granting injunctive relief.

Plaintiff's "Memorandum of Law in Support of Plaintiff's Order to Show Cause for a Preliminary Injunction & a Temporary Restraining Order," his proposed Order to Show Cause, and his Declaration in Support of the Order to Show Cause generally describe his claims. However, these piecemeal documents do not suffice as a complaint. Although *pro se* litigants are not held to the same standards applied to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of procedure, *Jones v. Phipps*, 39 F.3d 158 163 (7th Cir. 1994).

A proper complaint is necessary for the Court to ascertain the basis for jurisdiction, determine what claims Plaintiff intends to assert against which individuals, and to consider Plaintiff's application for preliminary or permanent injunctive relief. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. 1) is **DENIED** without prejudice. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm, nor do they meet any of the other criteria outlined above.

**IT IS FURTHER ORDERED** that, if he desires to proceed with this case, Plaintiff shall file a complaint within 35 days of the entry of this order (on or before November 6, 2015), thereby properly initiating an action. If Plaintiff still seeks preliminary injunctive relief, he may file a new motion. Failure to file a proper complaint by the prescribed deadline will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b), and Plaintiff will remain obligated to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

When drafting his complaint, Plaintiff should keep in mind that liability for a civil rights violation is based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted).  In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights.  For each claim in his complaint, Plaintiff should specify, *by name*,[1] each Defendant alleged to be liable under the claim, as well as the actions alleged to have been taken by that Defendant.  New individual Defendants may be added if they were personally involved in the constitutional violations.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

The Clerk of Court is further **DIRECTED** to send Plaintiff a copy of this Order, along with a blank civil rights complaint form, and the "Instructions for Filing a Pro Se Civil Complaint for Civil Rights Violations or Other Civil Claims Filed by a Person in Custody."

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 2, 2015**

s/ STACI M. YANDLE<br>United States District Judge