## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RAMON CLARK, # K-03716** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-963-SMY** |
| | ) | |
| **OFFICER BART LIND,** | ) | |
| **LIEUTENANT FURLOW,** | ) | |
| **WARDEN J. LASHBROOKE,** | ) | |
| **and JOHN/JANE DOE (Mail Room),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

This matter comes before the Court on Plaintiff's Motion to Stay (Doc. 12), filed on November 13, 2015.  As discussed below, the motion is **DENIED** and this case shall be dismissed without prejudice.

Plaintiff initiated this action by filing a proposed "Order to Show Cause for Preliminary Injunction & a Temporary Restraining Order" and a memorandum of law (Doc. 1) which were not accompanied by a complaint.  On October 2, 2015, the Court denied Plaintiff's requests for injunctive relief and ordered him to file a complaint in order to properly commence this action (Doc. 7).  Plaintiff then filed his complaint in compliance with the Court's orders (Doc. 11).  He claims that Defendants have improperly prevented him from corresponding with an internet service provider that he hoped to use to conduct legal research and solicit attorney representation for a pending case in the Central District of Illinois.  He argues that Defendants' conduct has hindered him from accessing the courts and that their actions were taken in retaliation for Plaintiff's litigation activity.

In the motion to stay, Plaintiff explains that he filed his original documents in this case on August 28, 2015, only two days after he filed the appeal of his grievance over the Defendants' conduct with the Administrative Review Board ("ARB").  He asserts that he filed his request for injunctive relief with this Court while his administrative appeal was still pending based on the erroneous advice of an inmate law clerk.  To date, he has yet to receive the ARB's response to his grievance appeal.

While the Court liberally construes *pro se* pleadings and understands that prisoner-litigants may be unfamiliar with the law, the Court must adhere to the applicable legal precedents which govern cases filed by incarcerated plaintiffs.  In that vein, the exhaustion requirement leaves no room for leniency in this case.

The sequence of events revealed by Plaintiff in his motion clearly shows that he failed to exhaust available administrative remedies prior to filing suit, as required by 28 U.S.C. § 1997e(a).  Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted."  *See also Booth v. Churner*, 531 U.S. 956 (2001); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated.  *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983."  *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).  An attempt to exhaust available administrative remedies in the midst of litigation is insufficient.  *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 536-37 (7th Cir. 1999).

Although exhaustion "is an affirmative defense with the burden of proof on the defendants" (*Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011)), the district court may, if obvious from the pleadings, dismiss a prisoner complaint *sua sponte* for failure to exhaust.  *See also Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002).  As previously mentioned, Plaintiff admits that his administrative grievance is still pending.  His complaint (filed on November 10, 2015) also states that he has not yet received a response to his grievance from the ARB (Doc. 11, p. 7).  Neither pleading suggests that administrative remedies have been rendered unavailable to Plaintiff in any manner.

Exhaustion is a prerequisite to filing a suit.  Therefore, a prisoner must wait until he has completed the established grievance and appeal process, and may not file in anticipation that administrative remedies will soon be exhausted.  *Perez*, 182 F.3d at 535 (citing 42 U.S.C § 1997e(a)); *Ford*, 362 F.3d at 398.  A suit filed prior to exhaustion of available remedies must be dismissed even if the remedies become exhausted *while* the suit is pending.  *Perez*, 182 F.3d at 535.  Thus, it would be improper for the Court to grant Plaintiff's motion to stay the case while he awaits the final response to the appeal of his grievance.

Accordingly, Plaintiff's motion to stay shall be denied, and this action shall be dismissed without prejudice as prematurely filed.  Plaintiff is free to bring his claims in a new lawsuit, if necessary, after he has fully exhausted his administrative remedies.  As with any newly-filed action, a filing fee shall be assessed if Plaintiff re-files his claims.

<u>**Disposition**</u>

For the reasons stated above, this action is **DISMISSED without prejudice,** because Plaintiff failed to exhaust his administrative remedies before filing suit, as required by 28 U.S.C. § 1997e(a).  Plaintiff's Motion to Stay (Doc. 12) is **DENIED**.

Plaintiff is **ADVISED** that this dismissal shall **not** count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff incurred the obligation to pay the filing fee for this action when he filed his original documents that resulted in the opening of this case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Therefore, the filing fee of $350.00 remains due and payable.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: January 4, 2015**

s/ STACI M. YANDLE
United States District Judge